BARRY vs. *LOUISIANA INSURANCE COMPANY.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case, which has been so frequently before us, and which was lately remanded for a new trial, now returns with a verdict on special facts submitted.

An act of barratry once proved, the *onus* of establishing every fact that goes to excuse it, is thrown on the insurer. Matters of law, and fact, cannot be submitted to a jury on special facts.

The finding, on those presented on the part of the plaintiff, makes out his case. It establishes, that the insurance was effected on goods shipped on board the schooner Brutus, to the value of $900; that Nicholson was the sole owner, and had the entire control over the same, and that Brown was master. It is also found, that by reason of an act of barratry committed by him, the goods were lost to the freighters.

On the part of the defendants, nothing has been shown, which destroys this. The rule of law on this subject, is, that the act of barratry once proved, the *onus* of establishing every fact that goes to excuse it, is thrown on the insurer.—11 *Martin,* 606; 2 *Marshall,* 531. Here the jury have not negatived a single fact, on which the right of recovery is based. In their answer to the second question, submit-

East'n District.
*March*, 1823.

BARRY
*vs.*
Lou. Ins. Com.

ted on the part of the defendants, they find that the intent of passing a certain bill of sale therein mentioned was to secure John Nicholson for his endorsement, but it is not a consequence of that fact being established, that Brown was owner, as well as master—many other instruments of writing may have passed between them. We must, indeed, presume there were, from the positive assertion of the jury on the facts submitted by both parties, that Nicholson was owner.

This is the result to which the verdict must lead us, taking the facts as correctly submitted. Some of them, however, contain matter which it is difficult to reconcile with the statute requiring facts alone to be found, and leaving the legal conclusions resulting from them to be ascertained by the court. Taking them strictly, and rejecting all the matters of law, which the jury have blended with their verdict, the case of the defendant is still less made out.—8 *Martin*, 209; 9 *ibid*, 713. For acts amounting to barratry, are established, and the ownership of the vessel, a mixed question of law and fact, could not be legally submitted under the act of assembly to the jury.

We see nothing which could authorise us to remand the cause for another trial, and on the whole, we are of opinion the judgment of the district court be affirmed with costs.

BARRY
*vs.*
Lou. Ins. Com.

*Livermore* for the plaintiff, *Duncan* for the defendants.